AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>The Cellular Telephone Assigned Call Number<br>615-720-7653 (the "TARGET TELEPHONE") | )<br>)<br>)    Case No.  25-mj-1131<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the   Middle   District of   Tennessee
*(identify the person or describe the property to be searched and give its location)*:

The Cellular Telephone Assigned Call Number 615-720-7653 (the "TARGET TELEPHONE"), as further described in Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Real-Time location information for the Cellular Telephone Assigned Call Number 615-720-7653 (the "TARGET TELEPHONE"), as further described in Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   April 2, 2025   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Barbara D. Holmes   .
*(United States Magistrate Judge)*

☒ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☒ for  29  days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of                              .

Date and time issued:   03/21/2025 at 3:39pm                              */s/ Barbara D. Holmes*
                                                                                                          *Judge's signature*

City and state:   Nashville, Tennessee                              Barbara D. Holmes, U.S. Magistrate Judge
                                                                                                        *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: 25-mj-1131 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

*Executing officer's signature*

Cristina Alamo, FBI Special Agent
*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

1. The cellular telephone assigned call number **615-720-7653,** ("**TARGET TELEPHONE**"), whose wireless service provider is AT&T, a company headquartered in North Palm Beach, Florida.

2. Records and information associated with the **TARGET TELEPHONE** that is within the possession, custody, or control of AT&T including information about the location of the cellular telephone if it is subsequently assigned a different call number.

1

# ATTACHMENT B

## Particular Things to be Seized

### I. Information to be Disclosed by the Provider

#### Real-Time Locate Information

All information about the location of the **TARGET TELEPHONE** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **TARGET TELEPHONE**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A. Information about the location of the **TARGET TELEPHONE** also includes all call detail records (CDR), including records generated by voice, text, sms, mms, data sessions, PCMD/TRUE CALL/TDOA/RTT/NELOS/LOCDBOR/Timing Advance data, with cell site and sector data for the 30 day period.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the **TARGET TELEPHONE** on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The

government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

## Historical Location Information

AT&T is required to disclose the following historical records and other information available for each Account listed in Part I of this Attachment, for the time period February 3, 2025 until March 5, 2025.

The following information about the customers or subscribers of the Account:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3. Local and long-distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

8. Means and source of payment for such service (including any credit card or bank account number) and billing records; and

9. Device identifiers (IMEI) for all devices (watches, HUM, tablets, etc.) that are connected or paired to this number/subscriber account.

3

B. All records and other information (not including the contents of communications) relating to wire and electronic communications sent from or received by the Account, including:

   i. The date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

   ii. All communication records, including originating and terminating cellular site and sector information, voice call detail, SMS/text message detail, data/internet detail, and cellular network identifying information;

   iii. Non-content information associated with the contents of any communication or file stored by or for the account(s), such as the source and destination email addresses, IP addresses and ports;

   iv. All network connections related to this account regardless of the technology utilized (3G, 4G, 5G, Bluetooth, Wi-Fi, MIMO, VoLTE, etc.) or how the transactions were routed and/or stored throughout the system;

   v. Correspondence and notes of records related to the account(s);

   vi. The providers cell site list for the time period in this legal demand, also known as a document that contains the master listing of all cell site numbers and their locations; and

   vii. The providers reference documents that are used as a key for communication detail records

   viii. AT&T Wireless Network Event Location System (NELOS) records, also known as historical precision location data, Timing Advance (TA) records, time on tower data, LOCDBOR, and any other location data that is available. This is to include global positioning system (GPS) data, precision location records, and/or system generated estimates of locations. This shall include any other similar system, report, and/or data within the cellular networks regardless of name. Interim cell sites are also required for the target number.

4

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that will assist determine the physical location of **TARGET TELEPHONE** to further ascertain: (i) evidence of distribution and possession with the intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1); and maintain a drug-involved premises, in violation of Title 21, United States Code, Section 856 the Target Offenses; (ii) contraband, fruits of these crimes, or other items illegally possessed; and (iii) property designed for use, intended for use, or used in these crimes.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

Pen Register / Trap and Trace Device

All dialing, routing, addressing, and signaling information associated with each communication to and from the target cell phone(s), including, but not limited to the following for a period of thirty days:

1. Any unique identifiers associated with the cell phone, including ESN, MEIN, MSISDN, IMSI, IMEI, SIM, or MIN.
2. Source and destination telephone numbers and email addresses
3. Date, time, and duration of all communications

4. All data about the cell towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., faces of the towers) to which the target cell phone(s) will connect at the beginning and end of any voice, sms, mms, and/or data transmission, including, but not limited to, engineering data. Engineering data includes PCMD/TRUE CALL/TDOA/RTT/NELOS/LOCDBOR/Timing Advance data.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2).